UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA D. SWARTZLANDER,<br><br>         Plaintiff,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, LP;<br><br>         Defendants. | Case No.: 19cv580-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Capital Management Services, LP. (ECF No. 14).

## I.   PROCEDURAL BACKGROUND

On March 29, 2019, Plaintiff Linda D. Swartzlander filed a complaint against Defendant Capital Management Services, LP. (ECF No. 1). Plaintiff brings claims for violation of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and California's Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, based on allegations that Defendant sent debt collection letters that confused Plaintiff as to her rights and liabilities.

On June 3, 2019, Plaintiff filed an amended complaint, the operative Complaint in this action, claiming the same violations. (ECF No. 13).

On June 17, 2019, Defendant filed the Motion to Dismiss on the grounds that Plaintiff's allegations relate to letters sent to Plaintiff's attorney, which are not actionable under the FDCPA, and on the grounds that the RFDCPA claim is derivative of the flawed FDCPA claim. (ECF No. 14).

On July 8, 2019, Plaintiff filed a response in opposition to the Motion. (ECF No. 15).

On July 15, 2019, Defendant filed a reply in support of the Motion. (ECF No. 16).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted). Stating a claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[A]ccepting all factual allegations in the complaint as true and drawing 'all reasonable inferences in favor of the nonmoving party,'" the plaintiff's "allegations must 'plausibly suggest an entitlement to relief.'" *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017) (first quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); then quoting *Iqbal*, 556 U.S. at 681). "[E]stablishing only a 'possible' entitlement to relief . . . [does] not support further proceedings"; rather, the plaintiff must allege "facts tending to exclude the possibility" that the defendant's "alternative explanation is true." *Eclectic Props. E. v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014); *see also In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1105 (9th Cir. 2013) ("To render their

1 explanation plausible, plaintiffs must do more than allege facts that are merely consistent with both their explanation and defendants' competing explanation.").

### III. FDCPA CLAIM

Defendant contends that the FDCPA claim fails because the violation is premised on allegations regarding collection letters that were addressed to and received by Plaintiff's attorney. Defendant contends that communications to a consumer's attorney are not actionable under the FDCPA, as determined by the Court of Appeals in the controlling case *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). Defendant asserts that the communications were directed to Plaintiff's attorney alone.

Plaintiff contends that the letters are actionable under the FDCPA because the letters were "sent *to* Plaintiff *through* her attorneys." (ECF No. 15 at 14). Plaintiff contends that *Guerrero* does not control this matter because in *Guerrero*, the debt collector sent letters directly to the debtor's attorney after the debtor hired that attorney for representation related to that debt, and after the attorney requested that communications be sent to the attorney rather than the debtor. Plaintiff contends that the letters in *Guerrero* were not directed to the debtor because there was no demand for payment. Plaintiff asserts that, in this case, Plaintiff hired the attorney for bankruptcy representation before receiving the debt collection letter. Plaintiff asserts that, in this case, the letters demanded payment and included payment coupons and reference Plaintiff's FDCPA rights.

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. To state a claim under the FDCPA, a plaintiff must allege facts that establish that (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Castriotta v. Paradise Valley Fed. Credit Union*, No. 17CV0031-WQH-BGS, 2017 WL 3337247, at *4 (S.D. Cal. Aug. 3, 2017).

The FDCPA provisions relevant in this case include §§ 1692e, e(2)(A), and e(10), which provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt . . . .
>
> . . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In addition, § 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt," and § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector. . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt . . . .

In *Guerrero*, the Court of Appeals stated,

> A consumer and his attorney are not one and the same for purposes of the Act. . . . . Congress viewed attorneys as intermediaries able to bear the brunt of overreaching debt collection practices from which debtors and their loved ones should be protected. . . . Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation to begin with . . . .
> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices. . . .
> When an individual is represented by counsel who fields all communications relevant to the debt collection, these concerns quickly evaporate. Attorneys possess exactly the degree of sophistication and legal wherewithal that individual debtors do not.

499 F.3d at 935–36, 938–39. The court stated that "we hold that communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act." *Id.* at 936.

In this case, Plaintiff alleges that she "retained counsel to file for bankruptcy and . . . provided her bankruptcy counsel's information to her creditors." (ECF No. 13 ¶ 10). Plaintiff alleges that on March 16, 2019 and March 19, 2019, Defendant sent letters "to Plaintiff at her bankruptcy attorney's office" stating that her debt would be assumed valid "[u]nless you notify this office" to dispute the debt within thirty days. *Id.* ¶¶ 11, 13. Plaintiff alleges,

> [T]he letters were clearly sent to Plaintiff for the following reasons: 1) . . . Plaintiff . . . is the sole individual who could dispute the validity of the subject debt; 2) the letters advise Plaintiff that interest, late charges and other charges are still accruing on the subject debt; and 3) the letters have detachable payment coupons for Plaintiff to return to Defendant with Payment.

*Id.* ¶ 15. Plaintiff attaches copies of the letters to the Complaint. (Exs. A–B to Compl., ECF Nos. 13-1 at 2, 13-2 at 2). A dotted line and the phrase "please detach and return top portion with payment to address listed below" separate the address blocks and a summary of the debt information from the body of the letter. *Id.* The letters read, "Dear MICHAEL REID: This company has been engaged by DISCOVER BANK to resolve your client's, Linda Swartzlander, delinquent debt." *Id.* The letters state that interest will continue to accrue. The letters provide statutory disclosures and procedures for disputing the debt. The letters set forth addresses, phone numbers, and websites for responding to the letters and obtaining information. The pronoun "you" appears throughout the letters.

The Court concludes that Defendant did not direct the letters to Plaintiff within the meaning of *Guerrero* by sending the letters according to the information Plaintiff provided to her creditors regarding her attorney. *See* 499 F.3d at 939 ("Only at that point did RJM contact Attorney Paer *as requested* . . . ."). The allegations that the letters included the pronoun "you" and referenced the debt owed by Plaintiff do not bring Plaintiff's claims within the scope of the FDCPA. The allegations that the letters referenced Plaintiff's

FDCPA rights do not bring Plaintiff's claims within the FDCPA. *See id.* at 932 ("[W]e cannot conclude that RJM continued to collect a debt in violation of the Act merely because . . . it included in a letter to a debtor's counsel a statement the Act generally requires."). The allegations that the letters were sent to an attorney hired by Plaintiff for representation in bankruptcy, rather than debt collection, do not bring Plaintiff's claims within the FDCPA. *See id.* at 937 (approving of dismissal of FDCPA claims based on settlement negotiations between an attorney and a debt collector, after the debt collector had ceased collection efforts on the disputed debt, and "[c]ounsel for the consumer then contacted the debt collector to alert it that the consumer might file for bankruptcy") (citing *Zaborac v. Phillips & Cohen Assocs.*, Ltd., 330 F. Supp. 2d 962, 965 (N.D. Ill. 2004)). Plaintiff fails to allege facts to support an FDCPA claim.

## IV. SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM

Defendant moves for dismissal of Plaintiff's state law cause of action. (ECF No. 14-1 at 10). Plaintiff asserts that this Court properly has § 1367 supplemental jurisdiction over the RFDCPA claim based on federal question jurisdiction over the FDCPA claim. (ECF No. 13 at 2).

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).

Having dismissed the only federal claim asserted by Plaintiff against Defendant, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 & n.12 (9th Cir. 1998) (upholding district court declining to exercise

supplemental jurisdiction and requiring no further explanation by district courts acting in accordance with 28 U.S.C. § 1367(c)(3)); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.") (quoting *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)).

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Capital Management Services, LP (ECF No. 14) is GRANTED. Any motion to file an amended complaint must be filed within thirty (30) days of the date of this order in accordance with Local Rule 7.1.

Dated: July 30, 2019

Hon. William Q. Hayes
United States District Court